1
2
3
4
5

6 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7 AT SEATTLE

8   ISAIAS PERALTA,                                )
                                                  )
9              Plaintiff,                          )   Case No. C10-1421-JLR-BAT
                                                  )
10      v.                                         )   **REPORT AND**
                                                  )   **RECOMMENDATION**
11   KENT REGIONAL JUSTICE CENTER,                 )
                                                  )
12             Defendant.                          )

13      Plaintiff, who is currently incarcerated at the Kent Regional Justice Center (R.J.C.) in Kent,

14   WA, is proceeding pro se in this action brought under 42 U.S.C. § 1983.  On September 2, 2010,

15   he submitted for filing a deficient complaint.  Dkt. 1.  The complaint stated ". . . true offering to

16   R.J.C. computer room directos or facility manager the many request that somethin specific be

17   done.  To aboit a obstraccion of such action as is being deprive."  Dkt. 6.  Plaintiff identified the

18   R.J.C. and Benie, Program Administrator of the R.J.C., as defendants.  Plaintiff sought relief of

19   $700,000 and specific requests related to pro se needs.

20      After screening the complaint under 28 U.S.C. § 1915A, the Court issued an order declining

21   service because of defects the Court identified and granting plaintiff leave to amend his

22   complaint to cure the defects.  Dkt. 7.  Plaintiff has now filed an amended complaint.  Dkt. 8.

23   The Court finds that plaintiff's amended complaint fails to cure the defects identified in the

REPORT AND RECOMMENDATION- 1

original complaint and recommends that plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii).

## DISCUSSION

The Court previously informed plaintiff that in order to state a claim under § 1983, he must show that (a) he suffered a violation of rights protected by the Constitution or created by federal statute, and (b) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1429 (9th Cir. 1991).  To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *See Arnold v. I.B.M.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court found plaintiff's initial complaint was defective because it failed to state the Constitutional or federal right violated in his complaint.  Here, plaintiff asserts in the amended complaint that his civil rights were violated by governmental officials "opening my legal mail For Purpos of adquiring classified information;" a claim with no resemblance to the original complaint. Dkt. 8 at 3.  In general, all prisoner mail "may be intercepted and read." *Stevenson v. Koskey*, 877 F.2d 1435, 1438 (9th Cir. 1989) (*citing Wolff v. McDonnell*, 418 U.S. 539, 574 (1974)).  Plaintiff has not identified a federally or constitutionally protected right violated by simply alleging governmental officials opened his mail.  In addition, copies of envelopes included in his amended complaint show no indication that the envelopes contained "legal" mail nor that they originated from an attorney.

Plaintiff fails to assert specific, plausible facts to support his claim and resulting harm. Plaintiff states that "Govermental officials" deprived his rights, but he does not identify any individuals acting under color of state law and what that individual or individuals may have done

REPORT AND RECOMMENDATION- 2

to deprive his rights.  Alternatively, plaintiff fails to allege how a custom or policy of the R.J.C. deprived his rights.  Furthermore, plaintiff fails to allege any resulting harm in the amended complaint.

Therefore, the Court finds plaintiff's amended complaint has failed to state a claim on which relief can be granted.  Objections, if any, to this Report and Recommendation shall be filed no later than **Tuesday, October 19, 2010**.

## CONCLUSION

Because plaintiff's amended complaint fails to correct the defects identified in his original complaint and because it fails to state a claim on which relief can be granted, the Court recommends that this action be **DISMISSED**, prior to service, under §1915(e)(2)(B)(ii). Furthermore, the Court recommends that this dismissal count as a "strike" under 28 U.S.C. § 1915(g).  A proposed Order accompanies this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to plaintiff.

DATED this 28th day of September, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3